# Applicability of 18 U.S.C. § 219 to
# Members of Federal Advisory Committees

Section 219(a) of Title 18 of the United States Code applies to members of federal advisory committees, including the Advisory Committee for Trade Policy and Negotiations, that are governed by the Federal Advisory Committee Act.

Section 219(b) may be used to exempt advisory committee members who are "special government employees," but may not be used to exempt "representative" members, who are generally not considered government employees.

The Emoluments Clause prohibits an individual who is an agent of a foreign government from serving on an advisory committee, unless Congress has consented to such service.

April 29, 1991

MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

This responds to your request for our opinion whether 18 U.S.C. § 219 applies to members of federal advisory committees generally, and in particular to the Advisory Committee for Trade Policy and Negotiations ("ACTPN") Section 219(a) makes it a criminal offense for a "public official" to be or to act as an agent of a foreign principal required to register under the Foreign Agents Registration Act of 1938 ("FARA"). We conclude that section 219(a) applies to members of federal advisory committees including ACTPN, that are governed by the Federal Advisory Committee Act.

You have also asked whether the certification procedure in section 219(b) may be used to exempt members of federal advisory committees from the criminal prohibition in section 219(a). Section 219(b) may be used to exempt advisory committee members who are "special Government employee[s]," but may not be used to exempt "representative" members, who are generally not considered Government employees. Moreover, absent congressional consent, the Emoluments Clause of the Constitution independently bars any agent of a foreign *government* — as opposed to an agent of a private foreign entity — from being a member of a federal advisory committee. Granting an advisory committee appointee an exemption under section 219(b) would not satisfy the requirement of congressional consent.

Section 219(a) provides criminal penalties for any "public official, [who]

65

is or acts as an agent of a foreign principal required to register under the Foreign Agents Registration Act of 1938, as amended." Section 219(c) defines "public official" as a Member of Congress "or an officer or employee or person acting for or on behalf of the United States, or any department, agency, or branch of Government thereof, . . . in any official function, under or by authority of any such department, agency, or branch of Government."

Members of advisory committees governed by the Federal Advisory Committee Act ("FACA") fall within this definition. FACA provides that advisory committees are established or utilized "in the interest of obtaining advice or recommendations for the President or one or more agencies or officers of the Federal Government." 5 U.S.C. app. § 3(2). Pursuant to FACA, a designated federal official calls all meetings of an advisory committee, approves the agenda, chairs or attends all meetings, and may adjourn any meeting of the committee whenever he determines it to be in the public interest. *Id.* § 10(e), (f).[1] Members of advisory committees subject to FACA thus perform their official advisory duties "for" the Government and "under" a government agency, within the meaning of section 219.[2] "Representative" members of FACA committees — described in your request as members who appear before an agency, at the agency's request, to present the views of a private organization or interest — are also "public official[s]" within the meaning of section 219: even assuming that "representative" members are chosen for committee membership only to present the views of a private interest, they nevertheless perform their official committee duties "for" the United States.[3]

ACTPN, like most advisory committees, is subject to FACA, 19 U.S.C. § 2155(f), and on that basis we conclude that members of ACTPN are subject to section 219. ACTPN's specific functions reinforce that conclusion. ACTPN was established to give "overall policy advice" on United States negotiating objectives and bargaining positions in international trade negotiations. *Id.* § 2155(b)(1). ACTPN functions under the authority of the United States Trade Representative, an officer of the United State Government. *Id.* § 2155(b). Accordingly, it is clear that members of ACTPN perform "official function[s]" for the United States "under" a federal agency, and that they are therefore "public official[s]" within the meaning of section 219.[4]

---

[1] *See also id.* § 9(c)(D),(E), (F) (advisory committee charter must state "the agency or official to whom the committee reports," "the agency responsible for providing the necessary support for the committee," and "a description of the duties for which the committee is responsible"); *id.* § 12(b) (agency is responsible for providing support services for advisory committees "reporting to it").

[2] This conclusion is consistent with the judicial construction of the similar definition of "public official" in the federal bribery statute, 18 U.S.C. § 201(a), on which section 219 was modeled. *See* 130 Cong. Rec. 1295 (1984) (remarks of Sen. Denton). "[P]ublic official" in section 201(a) has been broadly interpreted to include persons holding "a position of public trust with official federal responsibilities." *Dixson v. United States*, 465 U.S. 482, 496 (1984).

[3] Individuals who appear before agencies in a "representative" capacity who are not advisory committee members are more properly viewed simply as witnesses. Such witnesses have no federal "official function" and are not "public official[s]" within the meaning of section 219

[4] The same general principles govern the application of section 219 to employees, and to partners, of

Continued

66

The certification procedure in section 219(b), by its terms, allows an exemption from section 219(a) only for individuals who are employed by the Government as "special Government employee[s]."[5] Persons who serve on advisory committees as "representative" of private organizations generally are not considered "employees" of the United States. *See* Memorandum for C. Boyden Gray, Counsel to the President, from William P. Barr, Assistant Attorney General, Office of Legal Counsel at 2 n.5 (May 15, 1989). Accordingly, the certification procedure in section 219(b) is not available to exempt "representative" members of federal advisory committees from the prohibition in section 219(a).[6] Any other member of ACTPN could, however, be considered an "employee" of the United States, *see* Barr Memorandum at 1-2 & n.5, and if the member serves no more than 130 days in any 365-day period, could be a "special Government employee" eligible for exemption under section 219(b).

The Emoluments Clause of the Constitution, however, may constitute a bar to an individual's appointment to a federal advisory committee ab initio. The Emoluments Clause provides that absent congressional consent, a person holding an "Office of Profit or Trust" under the United States may not hold any position in, or receive any payment from, a foreign government. U.S. Const. art. I, § 9, cl. 8.[7]

---

[4](....continued)

advisory committee members. We believe that an employee who assists a member only in matters that are not part of the member's advisory committee duties is not subject to section 219. We cannot categorically conclude, however, that employees of advisory committee members may not be subject to section 219 when they assist members in performing committee functions or duties. *Cf. Dixson*, 465 U.S. at 490-96 (officers of local social service corporation administering HUD program may be "public officials" within meaning of bribery statute). Whether such persons are or are not subject to section 219 will depend upon the specific facts of each case.

A partner of an advisory committee member is subject to section 219 only if the partner personally performs official functions "for" the United States. Conversely, section 219 does not implicitly disqualify an individual from serving as an advisory committee member simply because a partner or a firm of which he is a member is required by FARA to register as the agent of a foreign principal. Rule 202 of the FARA regulations provides that, where a firm or partnership has registered as an entity, a person within the firm or partnership who "does not engage directly in activity in furtherance of the interests of the foreign principal is not required to file a short form registration statement." 28 C.F.R. § 5.202(b).

[5] The term "special Government employee" is not defined in section 219, but is defined in 18 U.S.C. § 202(a) to include "an officer or employee of the executive . . . branch of the United States Government, . . . who is retained, designated, appointed or employed to perform, with or without compensation, for not to exceed one hundred and thirty days during any period of three hundred and sixty-five consecutive days, temporary duties either on a full-time or intermittent basis." Although section 202(a) provides that this definition applies "[f]or the purpose of sections 203, 205, 207, 208, and 209," we believe that the term "special Government employee" as used in section 219(b) must be understood to have the same meaning.

[6] It would arguably be possible to bring "representative" members of advisory committees within the scope of section 219(b), by formally designating them as special Government employees. Any such designation, however, might subject the designees to provisions of the criminal conflict-of-interest laws that would otherwise not be applicable. *See* Barr Memorandum at 2-3.

[7] This restriction is in many respects narrower than the prohibition in section 219(a). Section 219(a) applies to all "public official[s]," a category defined to include some persons who do not hold a federal position, whereas the Emoluments Clause applies only to persons who do hold such a position. Moreover, section 219(a), in addition to prohibiting a public official from serving as the agent of a foreign government, also prohibits such service for certain nongovernmental foreign corporations, persons, and partnerships. Thus, persons not in violation of the Emoluments Clause might nonetheless violate the prohibition in section 219(a).

Federal advisory committee members hold offices of profit or trust within the meaning of the Emoluments Clause. They hold positions that are expressly created by federal authority, they are charged with federal responsibilities, and they are often entrusted with access to government information not available to the public. Therefore, the Emoluments Clause effectively prohibits an individual who is an agent of a foreign government from serving on an advisory committee, unless Congress has consented to such service. We are not aware of any provision of law that provides congressional consent to the service of foreign government agents on advisory committees. In particular, the certification procedure in section 219(b) does not provide the required congressional consent because it is only a means of exemption from the criminal prohibition in section 219(a), and therefore cannot be read to satisfy the Emoluments Clause.

DOUGLAS R. COX
*Deputy Assistant Attorney General*
*Office of Legal Counsel*